UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

HYE-YOUNG PARK,

        Plaintiff,

v.                                      Case No. 20-2150

COLIN STIRLING BRUCE,

        Defendant.

### REPORT & RECOMMENDDATION

On May 29, 2020, Plaintiff filed her Complaint (#1) against Defendant Colin Stirling Bruce. With her Complaint, Plaintiff filed a Motion for leave to proceed in forma pauperis (#2). Plaintiff also filed a Motion for Leave to Become E-Filer (#3), Motion to Assign Case (#5), and Motion to Change Cause of Action (#7). For the reasons discussed below, the Court recommends that Plaintiff's Complaint be dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

**I.    Background**

Plaintiff's Complaint names District Judge Colin S. Bruce as the only Defendant. Judge Bruce presided over Plaintiff's previous three cases filed in this Court: *Park v. Hudson, et al.*, 15-cv-2136 ("2015 Case"), *Park v. Board of Trustees of the University of Illinois, et al.*, 18-cv-2090 ("2018 Case"), and *Park v. Abdullah-Span, et al.*, 19-cv-2107 ("2019 Case").[1] Plaintiff's Complaint alleges that Judge Bruce violated her constitutional rights by "manufactur[ing] nonfactual facts or misleading statements." Plaintiff's Complaint then goes on to describe the factual allegations underlying her prior cases when she alleged that University of Illinois ("University") employees Robert Stake and

---

[1] The same day Plaintiff filed this case, she also filed two other cases against the Board of Trustees of the University of Illinois and individual University Defendants: *Park v. Stake, et al.*, 20-cv-2149 and *Park v. Board of Trustees of University of Illinois, et al.*, 20-cv-2148.

Charles Secolsky engaged in sexual misconduct toward Plaintiff. Plaintiff's other cases argued that the University Defendants violated her civil rights by failing to follow the University of Illinois' ("University") Policy and Procedures for Addressing Discrimination and Harassment at the University of Illinois, Urbana-Champaign and by retaliating against Park after she filed a complaint about Secolsky's sexual harassment. Plaintiff emphasizes that this case "focuses only on the Judge's unconstitutional and ultra vires acts in Cases 15-2136, 18-2090, and 19-2107."

## II.    Legal Standard

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis at any time if the court determines that the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(e)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The doctrine of absolute judicial immunity has been embraced for centuries and confers complete immunity from suit for acts performed by the judge in the judge's judicial capacity. *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005); *see also Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) ("Of course her claims against the judges are barred; she is complaining about their judicial conduct, and they have absolute immunity from such damages claims.") "A judge is immune from liability—even if the action taken was done in error, maliciously, or in the excess of authority—unless the judge acted in the clear absence of jurisdiction." *Cohee v. Brady*, 2018 WL 8803756, at *2 (C.D. Ill. July 30, 2018).

Judicial immunity "is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's

2

judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (internal citations omitted).

### III.   Analysis

Judge Bruce is immune from liability for acts performed in his judicial capacity in Plaintiff's prior cases. Plaintiff's Complaint argues that Judge Bruce violated her constitutional rights by fabricating facts in his motion for summary judgment order, post-trial motion rulings, and orders dismissing Plaintiff's other cases as frivolous. Nearly all of Plaintiff's Complaint consists of regurgitated factual allegations Plaintiff made against the University Defendants. Plaintiff asks for $10,000,000.00 in compensatory damages and $10,000,000.00 in punitive damages to be awarded against Judge Bruce.

Plaintiff's case is clearly barred by judicial immunity. Judge Bruce's rulings on the motions for summary judgment, post-trial motions, and dismissal of other cases were all done in his official capacity as judge. *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (An act is judicial if "is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."). There is no argument to be made that Judge Bruce's rulings were done "in the clear absence of jurisdiction." *Redmond v. Schockweiler*, 45 F.3d 432 (7th Cir. 1994) ("Redmond alleged . . . that Judge Corboy knowingly elicited false testimony against him, denied him the right to call witnesses in the order he desired, prevented him from locating witnesses and altered transcripts in furtherance of the conspiracy. It is clear that Judge Corboy was sued in her capacity as a judge for decisions made while presiding over Redmond's criminal proceeding. Nothing indicates that she was acting in the clear absence of jurisdiction."); *Skolnick v. Campbell*, 454 F.2d 531, 533 (7th Cir. 1971) ("If a judge is viewed as acting 'in excess' of his jurisdiction, he still will be immune from suit. It is only when he has acted in the 'clear absence of all jurisdiction over the subject-matter' that he may be sued for damages.' ).

As Judge Bruce's actions were done in his official capacity as judge, this case is frivolous, and Plaintiff should be denied the opportunity to proceed in forma pauperis.

As a final note, on June 3, 2020, Plaintiff filed a "Motion to Change Cause of Action" (#6). Her Motion is difficult to understand, but it appears she may be asking the Court to add her Complaints from 20-2148 and 20-2149 to this case. She also seems to be bartering with the Court, stating: "Park is willing to withdraw if the Judge rules over her new complaints filed with this Court on May 29, 2020, against Defendant Robert E. Stake and against Defendants (the Board of Trustees of the University of Illinois, Kaamilyah Abdullah Span, Menah Pratt-Clarke, Michal T. Hudson, and Heidi Johnson) based on facts and law." If Plaintiff is proposing to dismiss her claim against the district judge in exchange for favorable rulings in her other cases, such a suggestion is wholly improper and should not be tried again.

## IV. Conclusion

For these reasons, the Court recommends that:

(1) Plaintiff's Motion for Leave to Proceed in Forma Pauperis (#2) be DENIED,

(2) Plaintiff's Motion for Leave to Become E-Filer (#3), Motion to Assign Case (#5), and Motion to Change Cause of Action (#7) be DENIED,

(3) Plaintiff's pro se Complaint (#1) be dismissed under 28 U.S.C. § 1915(e)(2)(B), and

(4) This case be terminated.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this ___ day of January, 2021.

_____
s/ ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE