UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| HYE-YOUNG PARK, a/k/a LISA PARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-02150-SLD-EIL |
| ) | |
| JUDGE COLIN S. BRUCE, ) | |
| ) | |
| Defendant. ) | |

## MERIT REVIEW ORDER

Plaintiff Hye-Young Park, proceeding pro se, alleges that Defendant United States District Judge Colin S. Bruce violated her Fifth Amendment rights to due process and equal protection by creating false facts and misleading statements during the lawsuit filed by Plaintiff against the University of Illinois and several individuals affiliated with the school.  Compl. 3–4, ECF No. 1.  Before the Court is United States Magistrate Judge Eric I. Long's Report and Recommendation ("R&R"), ECF No. 12, which recommends dismissing the Complaint as frivolous and denying Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 ("IFP Application"), Motion for ECF Registration, ECF No. 3, motion to assign the case to Judges Colin S. Bruce and Eric I. Long, ECF No. 5, and motion to supplement, ECF No. 7.  Also before the Court are Plaintiff's objections, ECF No. 13, and Plaintiff's motion for leave to file an amended complaint, ECF No. 14.[1]  For the reasons that follow, the R&R is ADOPTED IN PART and REJECTED IN PART, and the objections are OVERRULED.  The motion for leave to file an amended complaint is DENIED.

---

[1] On February 12, 2021, after Judge Long's R&R had been entered, Plaintiff filed a 47-page amended complaint with 142 pages of exhibits.  Am. Compl., ECF No. 14.  The Court construes this filing as a motion for leave to file an amended complaint and an amended complaint.

1

## BACKGROUND

In 2015, Plaintiff filed a twenty-count complaint against the University of Illinois and several individuals she sought to hold liable for discrimination and retaliation. *See Park v. Hudson*, 2:15-cv-02136-SLD-EIL ("2015 Case"). United States District Judge Colin S. Bruce presided over her case.[2] He entered orders on several dispositive motions and held a jury trial on the remaining claims. Plaintiff sought review of the district court's rulings in the Seventh Circuit Court of Appeals. The court affirmed. *Park v. Secolsky*, 787 F. App'x 900, 907 (7th Cir. 2019). Plaintiff filed two additional cases against virtually the same set of actors and about the same set of operative facts: *Park v. Board of Trustees of the University of Illinois*, 2:18-cv-02090-CSB-EIL ("2018 Case"), and *Park v. Abdullah-Span*, 2:19-cv-02107-CSB-EIL ("2019 Case"). Judge Bruce presided over those cases as well.

Now, Plaintiff claims Judge Bruce acted unconstitutionally, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), and in excess of his authority in the 2015, 2018, and 2019 cases when he created "nonfactual facts or misleading statements," which she lists in the complaint as "fabrications." Compl. 1, 3, 4, 8, 10, 12, 16, 19, 22, 23, 24, 26, 27, 30–32 (identifying alleged fabrications in 2015 Case Jan. 30, 2018 Order 10, 43, 48, 50, 51, ECF No. 162; 2015 Case Oct. 18, 2018 Order 6, ECF No. 273; in the orders dismissing the 2018 and 2019 Cases, 2018 Case May 7, 2018 Order, ECF No. 8; 2019 Case May 2, 2019 Order, ECF No. 6). Judge Long concludes the case is barred by absolute judicial immunity and recommends dismissing it as frivolous because Plaintiff's allegations rest solely

---

[2] On June 4, 2020, Judge Bruce recused from the case and referred it to Chief United States District Judge Sara Darrow for reassignment. June 4, 2020 Order, ECF No. 344. Judge Darrow reassigned the case to United States District Judge Sue E. Myerscough on June 8, 2020. June 8, 2020 Text Order. Judge Myerscough recused on November 30, 2020 and referred it to Judge Darrow for reassignment and Judge Darrow retained the case. Nov. 30, 2020 Text Order; Dec. 1, 2020 Text Order.

on Judge Bruce's legal decisions. R&R 2–4. Plaintiff objects to the R&R by arguing that Judge Bruce knowingly substituted false statements for facts in her prior cases. She concludes such conduct is not protected by judicial immunity because "blatant false statements are not functions normally performed by a judge nor are they expectations of the parties." Objections 2–4.

## DISCUSSION

### I. Merit Review

#### A. Legal Standard

Because Plaintiff filed an IFP Application, the Court reviews the complaint for merit under 28 U.S.C. § 1915(e)(2). In reviewing a pro se complaint for merit, a court takes all factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649, 651–52 (7th Cir. 2013). However, conclusory statements and labels are insufficient. *See id*. at 651–52. The factual allegations must "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and a court may dismiss any claim that "is frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), or "seeks monetary relief [from] a defendant who is immune from such relief," *id.* § 1915(e)(2)(B)(iii).

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days of being served with a copy of the recommended disposition. *Id*. 72(b)(2). The district judge considers de novo the portions of the recommended disposition that were properly objected to and may accept, reject, or modify the recommended disposition or return it to the magistrate judge for further proceedings. *Id*. 72(b)(3). Plaintiff's Objections were timely.

B.     Analysis

A judge is absolutely immune from a civil suit for damages under 28 U.S.C. § 1331 when the judge acts in his judicial capacity and within his jurisdiction. "[Judicial immunity] confers complete immunity from suit, not just a mere defense to liability." *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005).[3]  Three factors govern whether a particular act or omission is entitled to judicial immunity:

> (1) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge; (2) whether the act is normally performed by a judge; and (3) the expectations of the parties, i.e., whether the parties dealt with the judge as judge.

*Id.* at 661 (quotation marks omitted). "[I]mmunity is overcome in only two sets of circumstances. First, . . . [when] actions [are] not taken in the judge's judicial capacity. Second, . . . [when] actions, though judicial in nature, [are] taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations omitted); *see Lowe v. Letsinger*, 772 F.2d 308, 311 (7th Cir. 1985) ("The doctrine is designed to give a judge the freedom to act upon his convictions, without fear of personal consequences.").

Plaintiff's claims against Judge Bruce are based solely on the orders he issued while presiding over Plaintiff's federal civil rights suits. These decisions involved the exercise of discretion and were the kinds of acts regularly performed by judges and expected by the parties. *See Dawson*, 419 F.3d at 661. They were judicial in nature and within Judge Bruce's jurisdiction. The Court need not consider whether they were correct because accuracy is not an

---

[3] "For purposes of immunity, we have not distinguished actions brought under 42 U.S.C. § 1983 against state officials from *Bivens* actions brought against federal officials." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 n.5 (1993).

4

element of the analysis. Judge Bruce is absolutely immune from this suit for damages. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**II.     Assorted Motions**

Judge Long recommends denying Plaintiff's IFP Application, presumably because he finds her case frivolous. The Court REJECTS that recommendation and grants the IFP Application because it sufficiently demonstrates that Plaintiff is unable to pay the costs of these proceedings. The Court ADOPTS Judge Long's recommendation to deny Plaintiff's Motion for ECF Registration and motion to assign the case to Judges Colin S. Bruce and Eric I. Long. The Court REJECTS Judge Long's recommendation to deny Plaintiff's motion to supplement and instead STRIKES it pursuant to Plaintiff's motion, Objections 6–7.

Plaintiff's offered amended complaint spends additional pages arguing Judge Bruce's "non-judicial acts (replacing facts with false statements) led to rulings favoring University officials over [Plaintiff's] Federal Antidiscrimination claims associated with sex, race, and national origin." Am. Compl. 3, ECF No. 14. In other words, the amended complaint relies on the same acts—judicial rulings—as the original complaint. *Compare id*. at 11–30 *with* Compl. 8–28. Although a court must "construe *pro se* complaints liberally and . . . allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim," *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019) (quotation marks omitted), a court does not have to permit amendment when doing so would be futile, *see Tate v. SCR Med. Transp*., 809 F.3d 343, 346 (7th Cir. 2015). Plaintiff's motion for leave to file an amended complaint is DENIED.

## CONCLUSION

Accordingly, Judge Long's Report and Recommendation, ECF No. 12, is ADOPTED IN PART and REJECTED IN PART. The Court dismisses Plaintiff's complaint as frivolous; Plaintiff's objections, ECF No. 13, are OVERRULED IN PART. The Court GRANTS the IFP Application, ECF No. 2, DENIES Plaintiff's Motion for ECF Registration, ECF No. 3, and motion to assign the case to Judges Colin S. Bruce and Eric I. Long, ECF No. 5. The Court STRIKES the motion to supplement, ECF No. 7, and DENIES the motion for leave to file an amended complaint, ECF No. 14. The Clerk is directed to enter judgment and close the case.

Entered this 25th day of March 2021.

                                                                  s/ Sara Darrow
                                                                   SARA DARROW
                                          CHIEF UNITED STATES DISTRICT JUDGE