UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| HYE-YOUNG PARK, a/k/a LISA PARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-02150-SLD-EIL |
| | ) | |
| COLIN STIRLING BRUCE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court are Plaintiff Hye-Young Park a/k/a Lisa Park's Motion to Alter or

Amend the Judgment, ECF No. 17, motion to proceed on appeal in forma pauperis, ECF No. 19,

and motion to become an electronic filer in the Seventh Circuit's electronic case filing system,

ECF No. 21.  For the reasons that follow, the Motion to Alter or Amend the Judgment is

DENIED, the motion to become an electronic filer is MOOT, and the Court reserves ruling on

the motion to proceed on appeal in forma pauperis.

**BACKGROUND**

On May 29, 2020, Plaintiff filed her Complaint against United States District Judge Colin

Stirling Bruce alleging he violated her rights under the First, Fifth, and Fourteenth Amendments

to the United States Constitution.  Compl. 1, ECF No. 1.  Her claims arise out of prior lawsuits

she filed over which Judge Bruce presided.  *See id.* at 3–4.  In those cases, Plaintiff alleged that

she suffered from sexual misconduct and retaliation at the University of Illinois (the

"University") and that University officials failed to follow University policy and federal law in

addressing the misconduct and further retaliated against her when she reported the misconduct.

*Id.* at 4.[1]  In this case, she alleged that Judge Bruce "acted in excess of his authority [in the prior

suits] in that he manufactured nonfactual facts or misleading statements . . . and ruled based on

the fabrications in his judgments over" her first suit, which then affected her subsequent cases

and appeals.  *Id.* at 3; *see id.* at 6 (alleging that the Seventh Circuit "blindly follow[ed]" Judge

Bruce's orders).  Essentially, she highlighted statements from Judge Bruce's rulings, argued they

were not accurate by pointing to other evidence, and alleged that Judge Bruce "fabricated" the

statements.  *See, e.g.*, *id.* at 16 (alleging that Judge Bruce "fabricated that 'Park failed to

demonstrate that the defendants denied her equal protection of the law because there was no

evidence that they knew about [the perpetrator's] sexual misconduct and facilitated or turned a

blind eye to it'" (quoting *Park v. Secolsky*, 787 F. App'x 900, 903–04 (7th Cir. 2019)

(summarizing Judge Bruce's ruling on the parties' summary judgment motions))).  She sought

relief in the form of a revocation of the rulings in her previous cases and $10,000,000 in

compensatory damages, $10,000,000 in punitive damages, and the costs of the action.  *Id.* at 36.

She indicated that she was willing to withdraw her claim for damages and costs "if the Judge

rule[d] over her new complaints[—she filed two new lawsuits in May 2020—] . . . based on facts

and law."  *Id.*

---

[1] In *Park v. Hudson*, Case No. 15-cv-2136, 2018 WL 8803899, at *10–24 (C.D. Ill. Jan. 30, 2018), Judge Bruce granted summary judgment in Plaintiff's favor on some of her claims, granted summary judgment in the defendants' favor on some claims, and left the remainder for trial.  The jury found in Plaintiff's favor on some of the remaining claims and awarded her $500,000 in damages.  *See Park v.* Secolsky, 787 F. App'x 900, 904 (7th Cir. 2019). Plaintiff appealed, and the Seventh Circuit affirmed Judge Bruce's rulings in the case and the jury's verdict. *See id.* at 904–07.  In *Park v. Board of Trustees of the University of Illinois*, Case No. 18-CV-2090, 2018 WL 11306144, at *2 (C.D. Ill. May 7, 2018), Judge Bruce dismissed Plaintiff's claims at the merit review stage pursuant to res judicata; she had filed the same claims against the Board of Trustees of the University along with two new University officials.  The Seventh Circuit affirmed the dismissal, though on the basis that her claims were barred by the doctrine of collateral estoppel rather than res judicata.  *Park v. Bd. of Trs. of Univ. of Ill.*, 754 F. App'x 437, 439 (7th Cir. 2018).  In *Park v. Abdullah-Span*, 2:19-cv-02107-CSB-EIL, slip op. at 2–6 (C.D. Ill. May 2, 2019), Judge Bruce again dismissed Plaintiff's claims at the merit review stage; the claims were the same as had been raised in the prior lawsuits and involved defendants who had been named in at least one of the prior lawsuits.

Magistrate Judge Eric I. Long entered a Report and Recommendation on January 22, 2021, recommending that Plaintiff's complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B) because her claims against Judge Bruce were barred under the doctrine of judicial immunity. R. & R. 2–4, ECF No. 12.  Plaintiff timely filed objections to the Report and Recommendation. Objs., ECF No. 13.  She argued that judicial immunity did not apply because Judge Bruce's actions were nonjudicial since judges do not knowingly replace facts with false statements. *Id.* at 2–4 ("Adding blatant false statements are not functions normally performed by a judge nor are they expectations of the parties.").  She also argued that because his actions were not "for 'the achievement of the greater public good deriving from a completely independent judiciary[,]'" and because "protecting [him] through judicial immunity prevents the greater public good to be achieved [sic]," his actions should not be protected by the doctrine.  *Id.* at 6 (quoting *Stump v. Sparkman*, 435 U.S. 349, 370 (1978) (Powell, J., dissenting)).  She then filed an amended complaint, which was construed as a motion for leave to amend the complaint, Order 1 n.1, ECF No. 15.  Mot. Leave Amend Compl., ECF No. 14.

This Court adopted in part and rejected in part the Report and Recommendation.  Order 1.  As relevant here, the Court adopted Judge Long's recommendation that the suit be dismissed because Judge Bruce is absolutely immune from suit.  *Id.* at 4–5.  The Court found that because the proposed amended complaint was based on the same acts, allowing amendment would be futile, so it denied the motion for leave to amend.  *Id.* at 5.  Judgment was entered on March 30, 2021.  Judgment, ECF No. 16.

On April 12, 2021, Plaintiff filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).  Mot. Alter Amend J. 1.  She challenges the Court's Order adopting in part and rejecting in part the Report and Recommendation, arguing that "[a]llowing

absolute judicial immunity to a judge for knowingly replacing facts with false statements as in the instant case threatens the judicial process in judicial functions which the immunity was designed to protect." *Id.* at 1 & n.1 (emphasis omitted). She argues that the Court made manifest errors of fact and law in concluding that the suit was based on Judge Bruce's judicial acts. *Id.* at 2–6; *see also id.* at 8–11. She also introduces a new argument that judicial immunity cannot apply because she has been precluded from seeking other judicial remedies for Judge Bruce's actions. *Id.* at 6–8.

## DISCUSSION

### I.    Motion to Alter or Amend the Judgment

#### a.   Legal Standard

Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (quotation marks omitted). A court should alter or amend its judgment under Rule 59(e) only if "the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252–53 (7th Cir. 2015) (quotation marks omitted). "A manifest error occurs when the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* at 253 (quotation marks omitted). Relief may be warranted when there is "an intervening change in controlling law" or "if necessary to prevent manifest injustice." 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2810.1 (3d ed. 2021 Update). A court may also reconsider its prior decision if it "misunderstands a party's arguments" or "overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). But it is not appropriate, on a motion for reconsideration, "to

advance arguments or theories that could and should have been made before the district court rendered a judgment." *Miller*, 683 F.3d at 813 (quotation marks omitted).

### b. Analysis

"[A] judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump*, 435 U.S. at 355 (second alteration in original) (quotation marks omitted). Thus, judges "are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* at 355–56 (quotation marks omitted). Though "judicial immunity is broad," however, "it is not limitless." *Kowalski v. Boliker*, 893 F.3d 987, 997 (7th Cir. 2018). "A judge does not enjoy immunity if he or she is acting in the 'clear absence of all jurisdiction,' rather than simply in 'excess of [the judge's] authority," *id.* (alteration in original) (quoting *Stump*, 435 U.S. at 356, 357), or "for non-judicial acts." *Id.*

The Court held that "Plaintiff's claims against Judge Bruce [we]re based solely on the orders he issued while presiding over [her] federal civil rights suits." Order 4. It concluded that issuing these orders was judicial in nature because the orders "involved the exercise of discretion and were the kinds of acts regularly performed by judges and expected by the parties," *id.*, and, accordingly, that "Judge Bruce [wa]s absolutely immune from this suit for damages," *id.* at 5.

Plaintiff argues the Court committed a manifest error of fact when it concluded her claims were based solely on the orders he issued. Mot. Alter Amend J. 2. She argues they are instead "based on Judge Bruce knowingly replacing facts with false statements." *Id.* (emphasis

omitted).[2]  But the allegedly false statements were included in Judge Bruce's written orders.

Therefore, her claims are based on the orders Judge Bruce issued.  Her attempt to frame the issue

as fabrication of statements is not successful.  *Cf. Johnson v. McCuskey*, 72 F. App'x 475, 476

(7th Cir. 2003) ("Johnson contends that criminal actions (and cover-ups of such actions) are

nonjudicial acts for which judicial immunity does not apply.  But the 'criminal' conduct that

Johnson complains about is [the judge's] decision to apply a particular statute concerning venue.

That decision plainly was made in the judge's capacity as a judicial officer . . . .").

Plaintiff also argues the Court committed manifest errors of law in concluding that his

actions were judicial acts.  Mot. Alter Amend J. 3–6.  The Court identified the correct standard to

apply in determining whether an act is judicial:

> (1) whether the act or decision involves the exercise of discretion or judgment, or
> is rather a ministerial act which might as well have been committed to a private
> person as to a judge; (2) whether the act is normally performed by a judge; and (3)
> the expectations of the parties, i.e., whether the parties dealt with the judge as
> judge.

Order 4 (quoting *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005)); *see also Stump*, 435

U.S. at 362; *Ex Parte Virginia*, 100 U.S. 339, 348 (1879).  And the Court held that issuing an

order involves the exercise of discretion and is the kind of act regularly performed by judges and

expected by the parties, so Judge Bruce's orders were judicial acts.  Order 4.

Plaintiff's argument that the Court was incorrect is based on her insistence that the Court

frame the relevant act as fabricating statements.  *E. g.*, Mot. Alter Amend J. 5 ("Federal judges . .

. do not normally replace facts with false statements . . . .").  But, again, the statements were

made in written orders, and drafting and issuing orders are certainly acts that are judicial in

---

[2] Plaintiff states that "[t]he instant case is not meant to correct the false statements through reversing the orders," Mot. Alter Amend J. 3 n.2, despite requesting revocation of the rulings against her in both her Complaint and proposed amended complaint, *see* Compl. 36; Mot. Leave Amend Compl. 41.

nature.  The judge's motives and any inaccuracies are irrelevant to the analysis; even if a judge

exercises his jurisdiction in an "erroneous manner" and it "affect[s] the validity of the act," his

act is no "less a judicial act."  *Stump*, 435 U.S. at 359 (quotation marks omitted); *Mireles v.

Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is not overcome by allegations of bad faith or

malice . . . ."); *cf. Lopez v. Vanderwater*, 620 F.2d 1229, 1231–35 (7th Cir. 1980) (holding that a

defendant judge's acts of "arraigning, convicting, and sentencing" the plaintiff were judicial acts

even though they were "outrageous," and "highly irregular" in that the judge "caused [the

plaintiff] to be charged with petty theft, convicted him on the basis of a guilty plea that is alleged

to have been forged, and sentenced him to jail for 240 days" all while the plaintiff allegedly

remained in his jail cell, though holding that the judge's actions of causing the offense to be

charged, preparing a guilty plea, and presenting them to himself were not judicial acts entitled to

judicial immunity because the judge acted as a prosecutor).[3]

Plaintiff further argues that granting Judge Bruce immunity in this case "prevents the

greater public good from being achieved" and that the Court should grant the motion to prevent

manifest injustice.  Mot. Alter Amend J. 8–12.  She argues the Court should "make the right

decision to leave a meaningful, impactful change for the greater good."  *Id.* at 12.  The Court

cannot change the law to benefit Plaintiff.  And, in any case, allowing judicial immunity in these

---

[3] Plaintiff cites to *Gregory v. Thompson*, 500 F.2d 59, 65 (9th Cir. 1974), for the proposition that "a judge's behavior that is highly irrational is considered a nonjudicial act."  Mot. Alter Amend J. 5.  That case does not stand for that proposition.  The defendant-judge in *Gregory* physically removed the plaintiff from his courtroom.  *Gregory*, 500 F.2d at 61.  The Ninth Circuit held that exercising physical force in the courtroom was not a judicial act entitled to absolute immunity.  *Id.* at 64–65.  It held that the judge could, however, claim qualified immunity.  *Id.* at 65.  Plaintiff's argument about *Gregory*—she argues: "*Gregory* court affirmed the jury verdict 'for both actual and punitive damages' against Judge Thompson by concluding []Judge Thompson acted unreasonably, it also found him to have acted 'maliciously or wantonly or oppressively [sic],'" Mot. Alter Amend J. 5 (quoting *Gregory*, 500 F.2d at 65)—relies on the court's analysis of whether the case should be remanded so the jury could be instructed on the qualified immunity defense.  *Gregory*, 500 F.2d at 65.  The court explained that because the jury found that the judge acted maliciously, wantonly, or oppressively, remand was unnecessary.  *Id.*  That language has nothing to do with the judicial immunity analysis.

circumstances serves the public purpose of the doctrine; a judge should be free to write orders

based on his assessment of the evidence without fear of personal liability.

Plaintiff also makes a new argument that judicial immunity is unavailable here because

"[Judge] Bruce's nonjudicial act combined with his judicial act . . . led to a judicial result in the

Federal court system 'in a manner that precludes all resort to appellate or other judicial remedies

that otherwise would be available.'"  Mot. Alter Amend J. 6–7 (footnotes omitted) (quoting

*Stump*, 435 U.S. at 370 (Powell, J., dissenting).  This is a new argument that was not raised in

Plaintiff's objections to the Report and Recommendation.  A motion to reconsider is not the time

to raise an argument that could have been raised prior to judgment.  *Miller*, 683 F.3d at 813.

Moreover, Plaintiff is relying on a statement from a dissenting opinion; this is not part of the

judicial immunity analysis the Court must apply.  *King v. McCree*, 573 F. App'x 430, 442–43

(6th Cir. 2014).[4]

## II.    Miscellaneous Motions

Plaintiff moves to proceed on appeal in forma pauperis.  *See generally* Mot. Leave

Appeal.  Pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), "[a] party who was

permitted to proceed in forma pauperis in [a] district-court action . . . may proceed on appeal in

forma pauperis without further authorization, unless the district court . . . certifies that the appeal

is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma

pauperis and states in writing its reasons for the certification or finding."  *See also* 28 U.S.C.

§ 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing

---

[4] Plaintiff also briefly argues the Court should have allowed her to file her amended complaint and should have granted her motion to become an e-filer.  Mot. Alter Amend J. 12–13.  Both arguments are denied.  Plaintiff argues that "permitting [her] Amended Complaint would not be futile if the Court grants [her] Complaint."  *Id.* at 12.  The Court declines to disturb its ruling that Plaintiff's claims are barred by judicial immunity, so permitting her to file her amended complaint, which asserts the same claims, would indeed be futile.  Regarding e-filing, this case is now closed, so there is no reason to allow Plaintiff to become an e-filer.

that it is not taken in good faith."). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

Here, the Court granted Plaintiff in forma pauperis status. Order 5. Therefore, she does not need further authorization from this Court to proceed on appeal in forma pauperis. However, the Court doubts that her appeal is taken in good faith. Plaintiff's claims are based on Judge Bruce's orders, and issuing an order is clearly a judicial act. A court that "doubts that [an appeal] is in good faith should, before yanking the appellant's [in forma pauperis] status, notify the appellant of the impending change of status and give h[er] an opportunity to submit a statement of h[er] grounds for appealing." *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999). Plaintiff may file a statement of her grounds for appeal within fourteen days. She is hereby notified that if she fails to submit such a statement, the Court will deny her motion and certify that her appeal is not taken in good faith.

Plaintiff has also filed a motion to become an electronic filer in the Seventh Circuit. *See* Mot. Becoming Electronic Filer 1. As this motion is not addressed to this court, it is MOOT.

## CONCLUSION

Accordingly, Plaintiff Hye-Young Park a/k/a Lisa Park's Motion to Alter or Amend the Judgment, ECF No. 17, is DENIED. Her motion to become an electronic filer in the Seventh Circuit's electronic case filing system, ECF No. 21, is MOOT. The Court reserves ruling on the motion to proceed in forma pauperis on appeal, ECF No. 19. Plaintiff may file a statement of her grounds for appeal within fourteen days.

Entered this 6th day of May, 2021.

s/ Sara Darrow
_____
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE